UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:                                                          CASE NO.

**CARRIAGE CROSSING, INC.**                                     04-03461-8-ATS

    **DEBTOR**

### ORDER APPOINTING CHAPTER 11 TRUSTEE

The matters before the court are the motion to convert filed by the Internal Revenue Service, the motion to convert or dismiss filed by the Employment Security Commission of North Carolina, the motion for relief from the automatic stay filed by Branch Banking & Trust Company, the motion to approve substitution of examiner filed by the debtor, and the motion for disbursement filed by the debtor.  A hearing took place in Raleigh, North Carolina on October 20, 2005.

Carriage Crossing, Inc. filed a petition for relief under chapter 11 of the Bankruptcy Code on April 29, 2004.  On June 24, 2005, this case was administratively consolidated with the cases of Rufus Smith Johnson, Case No. 04-02638-8-ATS and RSJ Realty, Inc., Case No. 04-02346-8-ATS.  This order applies to all three cases, and any reference to the debtors in this order applies to the three consolidated debtors unless otherwise stated.

The debtors were previously engaged primarily in the business of purchasing and reselling real estate.  Prior to filing their petitions in bankruptcy, the debtors freely transferred assets between each other

and generally treated each company and the individuals as one entity. They provided seller-financing for many of the real estate transactions, and a over one hundred of the lots they sold were "double-sold" lots; that is, the debtors sold the lots, repossessed them and re-sold them without paying the encumbrances on the property. As a result, a number of consumers are unknowingly residing on property subject to deeds of trust for which they are not liable on the underlying debt.  Because of these "double-sold" lots, the Consumer Protection Division of the North Carolina Attorney General's office has been actively involved in this case.  In addition, several secured creditors have been working with the debtors to avoid foreclosing on the property of these innocent third-party consumers.

   After the cases were filed, the debtors assured the creditors and the court that they would change their operating procedures to account for their properties and cash flow.  The debtors resisted numerous motions for the appointment of a trustee or conversion to chapter 7, always contending that the only way to protect the innocent consumers with the double-sold lots was to keep the debtors operating.  A compromise was reached in November 2004 that resulted in the appointment of an examiner to manage the receipts and disbursements of the debtors. However, despite the best efforts of the examiner and the bankruptcy administrator to oversee the debtors, some of the questionable prepetition conduct continued postpetition, including

transfers of properties to related non-debtor entities and cash irregularities as well as alleged mortgage fraud.  The FBI seized the debtors' records, and the debtors and their principals are facing criminal investigations related to their business operations.

The individual debtor, Rufus Smith Johnson, passed away on August 12, 2005.  Since that time, the debtors' ongoing operations of purchasing real estate have ceased, and the debtors have focused on liquidating their real estate holdings.  In addition, a $3 million life insurance policy has been assigned for the benefit of creditors, which has substantially increased the cash that may be available to pay creditors.

The IRS and the bankruptcy administrator contend that this case should be converted to chapter 7 or a chapter 11 trustee should be appointed.  Because some of the prepetition conduct has also occurred postpetition, even with substantial oversight, there are substantial questions about the principals of the debtors continuing in a fiduciary capacity.  In addition, this case has been pending for 17 months and little progress has been made toward confirming a plan or liquidating the assets.  The examiner has been unable to stop the cash flow irregularities, and the bankruptcy administrator believes that the debtors will continue to find ways to divert assets unless a trustee is in place.  The IRS and bankruptcy administrator are also concerned that

the debtors will not pursue avoidance and fraudulent transfer actions against their own principals and family members.

The debtors have proposed an orderly and speedy liquidation of the real estate, some by public auction and some by private sale.  They also propose that the examiner's duties be expanded to include collecting all receipts and making all disbursements.  The debtors' office is closed, and there are no ongoing operations.  The debtors contend that the costs associated with having a trustee in place would be enormous, and the amount of time it would take for a trustee to become familiar with the details of this case would cause a substantial delay in the asset liquidation.  All of the secured creditors support the debtors' strategy for liquidating their assets, and all of the secured creditors as well as the North Carolina Attorney General's office oppose the motion to convert or appoint a trustee.

The debtors have proposed a good strategy to liquidate their assets, and they have the support of the secured creditors.  However, the performance of the debtors both pre- and postpetition mandates the appointment of an independent fiduciary to oversee the liquidation.  A trustee would not be precluded from examining and perhaps adopting the debtors' proposed liquidation strategy.  In addition, a trustee should review all of the transactions between the parties, including the validity of claims asserted by the secured creditors and the IRS.

Finally, a trustee should investigate and pursue any avoidance actions that might result in recovery to the estate.

Based on the foregoing, Joseph N. Callaway, II is appointed chapter 11 trustee.  The motion to disburse will be held open until the trustee has an opportunity to review it.  Similarly, BB&T's motion for relief from the automatic stay will be continued for the trustee to review the matter, but if the parties have reached no agreement in two weeks, the court will reconvene the hearing.  The debtors' motion for substitution of examiner is denied.

**SO ORDERED.**

**DATED:  October 20, 2005**

A. Thomas Small
United States Bankruptcy Judge

5